297 Ga. 471
FINAL COPY

S14Y1306, S14Y1307.  IN THE MATTER OF WAYNE PETER MERISOTIS (two cases).

PER CURIAM.

This disciplinary matter is before the Court on Notices of Discipline seeking the disbarment of Wayne Peter Merisotis (State Bar No. 502510).  The State Bar attempted to serve Merisotis personally at the address listed with the State Bar, but the sheriff filed a return of service non est inventus.  The State Bar then properly served Merisotis by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii); however, Merisotis failed to file Notices of Rejection.  Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).  This Court previously entered orders of suspension for Merisotis's failure to respond to the Notices of Investigation.  See In the Matter of Merisotis, S14Y0547, S14Y0548 (Jan. 3, 2014).

The facts, as deemed admitted by virtue of Merisotis's default, show that Merisotis, who was admitted to the Bar in 1993, was retained in 2012 by two clients to represent them in separate criminal matters.  In the course of both

representations, Merisotis provided untruthful and misleading information to the clients regarding the representation that he would provide. He also failed to act with reasonable diligence and promptness, to reasonably consult with his clients, to inform his clients of the status of their cases, to comply with the clients' reasonable requests for information, to withdraw from the representations, and to respond to either Notice of Investigation. Additionally, Merisotis failed to appear at hearings in one client's case, and although he did respond to the Office of General Counsel during its informal investigation into one client's grievance, he provided untruthful and misleading information regarding the amount of his communications with that client. Finally, Merisotis failed to file sworn, written responses to the Notices of Investigation as required by Bar Rule 4-204.3.

Based on these facts, the Investigative Panel found probable cause to believe that Merisotis violated Rules 1.3, 1.4, and 9.3, of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). Additionally, it found probable cause to believe that he violated Rules 1.16 and 8.4, and we agree that the record supports a finding that his conduct violates Rules 1.16 (a) (1) and 8.4 (a) (4). The maximum sanction for a violation of Rules 1.3 and 8.4 is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.16, and

9.3 is a public reprimand.

In each case, the Investigative Panel considered as an aggravating factor that the existence of the other disciplinary matter showed multiple offenses and a pattern of misconduct. Although the Investigative Panel also considered Merisotis's failure to respond to the Notices of Investigation as an aggravating factor, we deem it inappropriate to consider this factor as an aggravating factor where Merisotis has been charged with a violation of Rule 9.3 for that same failure. Nevertheless, having reviewed the record, we conclude that disbarment is the appropriate sanction in these matters.

Accordingly, it is hereby ordered that the name of Wayne Peter Merisotis be removed from the rolls of persons authorized to practice law in the State of Georgia. Merisotis is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided July 6, 2015.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar, for State Bar of Georgia.

3